**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANA CHOCHUA, | No. 11-71923 |
| Petitioner, | Agency No. A088-487-407 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Diana Chochua, a native and citizen of Georgia, petitions for review of a

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Thus, we deny Chochua's
request for oral argument.

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The BIA properly found Chochua failed to establish extraordinary circumstances to excuse the one-year asylum filing deadline. *See* 8 C.F.R. § 1208.4(a)(5); *Mutuku v. Holder*, 600 F.3d 1210, 1212 (9th Cir. 2010) (hope that conditions would improve in home country did not constitute an extraordinary circumstance). Thus, her asylum claim fails.

Substantial evidence supports the BIA's finding that Chochua's experiences in Georgia did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("[t]hreats standing alone, . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks omitted); *Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (record did not compel finding of past persecution where petitioner was "teased, bothered, discriminated against and harassed" but did not suffer any significant physical harm or violence). Substantial evidence also supports the BIA's determination that Chochua failed to

establish it is more likely than not she will be persecuted if returned. *See*

*Nagoulko*, 333 F.3d at 1018 (crediting petitioner's subjective fear but concluding it

was "too speculative"). Thus, her withholding of removal claim fails.

Finally, substantial evidence supports the BIA's denial of CAT protection

because Chochua failed to establish it is more likely than not she will be tortured in

Georgia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**